MICHAEL L. MALLOW (SBN 188745)
mmallow@loeb.com
RACHEL A. RAPPAPORT (SBN 268836)
rrappaport@loeb.com
DEREK K. ISHIKAWA (SBN 270275)
dishikawa@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone:  310-282-2000
Facsimile:   310-282-2200

Attorneys for Defendants
TOYOTA MOTOR SALES, U.S.A.,
INC. and TOYOTA MOTOR
CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. HYBRID BRAKE MARKETING, SALES PRACTICES, and PRODUCT LIABILITY LITIGATION,<br><br>------------------------------------------<br>THIS DOCUMENT RELATES TO:<br>ALL CASES | MDL No. SAML 10-2172-CJC(RNBx)<br><br>Assigned to Hon. Cormac J. Carney<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

**THIS MATTER** having come before the Court and for good cause shown, **IT IS HEREBY ORDERED THAT** the terms of the Protective Order as described below shall be binding upon the parties and signatories to **Exhibit "A."**

1.      **Applicability of Order**:  This Order shall be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to Federal Rules of Civil Procedure by or from a party or third party in connection with *In re Toyota Motor Corp Hybrid Brake Marketing, Sales Practices and Products Liability Litigation* ("Litigation") (this information hereinafter referred to as "Discovery Material").  As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties to this action and to third parties that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action and to third parties that receive such information.

2.      **Designation of Material**:  Any Producing Party may designate any Discovery Material as "Confidential" or "Highly Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, personal, proprietary or commercially sensitive information that requires the protections provided in this Order (hereinafter "Confidential Material" or "Highly Confidential Material").

3.      **Confidential Material**:  For purposes of this Order, information considered to be Confidential Material includes any information that a party or third party believes in good faith to be non-public, confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, commercial, or proprietary information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G).

4.      **Highly Confidential Material**:  For purposes of this Order, information considered to be Highly Confidential Material shall include, but is not limited to, any Confidential Material as defined in paragraph 3 which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party.  Notwithstanding the foregoing, Toyota computer source code and related materials, or similar highly sensitive materials requiring special protection, may be subject to additional forms of protection pursuant to further order of this Court

5.      **Designating Confidential Material or Highly Confidential Material**: The designation of Discovery Material as Confidential Material or Highly Confidential Material for purposes of this Order shall be made in the following manner:

a.      **Documents**:  In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Material, respectively.

b.      **Deposition and Other Proceedings**:  In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential Material or Highly Confidential Material shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within twenty-one (21) business days after the receipt of the draft transcript of such proceeding (as used herein, the term "draft transcript" does not include an ASCII or rough transcript).  However, before such 21 day period expires,

1  all testimony, exhibits and transcripts of depositions or other testimony shall be

2  treated as Highly Confidential Material.  All portions of deposition transcripts not

3  designated Confidential Material or Highly Confidential Material as provided in

4  paragraphs 3 and 4 herein shall be deemed not confidential.

5         c.     **Non-Written Materials**:  Any non-written Confidential Material

6  or Highly Confidential Material (e.g., videotape, audio tape, computer disk, etc.)

7  may be designated as such by labeling the outside of such non-written material

8  designated as "Confidential" or "Highly Confidential."  In the event a Receiving

9  Party generates any "hard copy" transcription or printout from any such designated

10  non-written materials, the person who generates such "hard copy" transcription shall

11  take reasonable steps to maintain the confidentiality of such materials.

12         6.     **Inadvertent Disclosure**:  The inadvertent failure to designate

13  Discovery Material as Confidential or Highly Confidential does not constitute a

14  waiver of such claim and may be remedied by prompt supplemental written notice

15  upon discovery of the inadvertent disclosure, with the effect that such Discovery

16  Material will be subject to the protections of this Order.  The Receiving Party shall

17  exercise good faith efforts to ensure that copies it makes of Discovery Material

18  produced to it, and copies made by others who obtained such Discovery Material

19  directly or indirectly from the Receiving Party, include the appropriate

20  confidentiality legend, to the same extent that the Discovery Material has been

21  marked with the appropriate confidentiality legend by the Producing Party.

22         7.     **Notes of Confidential Material Or Highly Confidential Material**:

23  Any notes, lists, memoranda, indices, compilations prepared or based on an

24  examination of Confidential Material or Highly Confidential Material, that quote

25  from or paraphrase, Confidential or Highly Confidential Material with such

26  specificity that the Confidential Material or Highly Confidential Material can be

27  identified, or by reasonable logical extension can be identified, shall be accorded the

28  same status of confidentiality as the underlying Confidential Material or Highly

1 Confidential Material from which they are made and shall be subject to all of the
2 terms of this Protective Order.

3      8.    **Notice To Non-Parties**:  Any party issuing a subpoena to a non-party
4 shall enclose a copy of this Protective Order.

5      9.    **Persons Authorized To Receive Confidential Material**:  Discovery
6 Material designated "Confidential" may be disclosed, summarized, described,
7 characterized or otherwise communicated or made available in whole or in part only
8 to the following persons:

9      a.    The Court, persons employed by the Court who are necessary for
10 the handling of the Litigation, and court reporters transcribing the testimony or
11 argument at a hearing, trial or deposition in this Litigation or any appeal therefrom;

12      b.    Counsel of record in this Litigation, as well as paralegals,
13 technical, administrative and clerical employees working under the direct
14 supervision of such counsel.  Counsel of record shall be responsible to ensure that
15 the supervised personnel comply with the terms of this Order;

16      c.    Subject to paragraph 11 hereof, experts and consultants assisting
17 any counsel of record in this Litigation, provided such experts and consultants have
18 signed the "Agreement Concerning Information Covered by Protective Order"
19 attached hereto as Exhibit A;

20      d.    Individual named plaintiffs who have signed the "Agreement
21 Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

22      e.    Officers, directors or employees of parties who have a need to
23 know such information for purposes of this Litigation and who have signed the
24 "Agreement Concerning Information Covered by Protective Order" attached hereto
25 as Exhibit A;

26      f.    Graphics, translation, or design services retained by counsel of
27 record in this Litigation for purposes of this Litigation, provided such services have
28 signed the "Agreement Concerning Information Covered by Protective Order"

attached hereto as Exhibit A. A signature by an authorized representative of the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient.

g. Commercial copy vendors or litigation support consultants retained by counsel of record in this action for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.  A signature by an authorized representative of the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient.

h. Witnesses in the Litigation who will be shown Confidential Material (i) will be provided with a copy of the Protective Order and (ii) will be required to sign the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A (except that persons described in sub-paragraph (i) below do not need to sign Exhibit A to be shown Confidential Material in their depositions);

i. Any person indicated by a document marked as Confidential Material to be an author, addressee, or copy recipient of the Confidential Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Confidential Material; and

j. Any other person, only upon order of the Court or upon stipulation of the Producing Party who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

10. **Persons Authorized To Receive Highly Confidential Material**: Except as specifically provided for in this or subsequent Court orders, Highly Confidential Material or its contents shall not be disclosed, summarized, described,

1 or otherwise communicated or made available in whole or in part to any person or

2 entity, directly or indirectly, other than the following:

3         a.      The Court, persons employed by the Court who are necessary for

4 the handling of the Litigation, and court reporters transcribing the testimony or

5 argument at a hearing, trial or deposition in this Litigation or any appeal there from;

6         b.      Counsel of record in this Litigation, as well as paralegals,

7 technical, administrative and clerical employees working under the direct

8 supervision of such counsel.  Counsel of record shall be responsible to ensure that

9 the supervised personnel comply with the terms of this Order;

10         c.      Subject to paragraph 11 hereof, experts or consultants necessary

11 to assist counsel of record in this Litigation, provided such experts and consultants

12 have signed the "Agreement Concerning Information Covered by Protective Order"

13 attached hereto as Exhibit A;

14         d.      Graphics, translation, or design services retained by counsel for

15 purposes of preparing demonstrative or other exhibits, provided such services have

16 signed the "Agreement Concerning Information Covered by Protective Order"

17 attached hereto as Exhibit A. A signature by an authorized representative of the

18 company who confirms that he or she has appropriately advised the relevant

19 employees of the confidentiality obligations in this order and taken reasonable steps

20 to comply thereto shall be sufficient.

21         e.      Commercial copy vendors or litigation support consultants

22 retained by counsel for purposes of this Litigation, provided such vendors have

23 signed the "Agreement Concerning Information Covered by Protective Order"

24 attached hereto as Exhibit A.  A signature by an authorized representative of the

25 company who confirms that he or she has appropriately advised the relevant

26 employees of the confidentiality obligations in this order and taken reasonable steps

27 to comply thereto shall be sufficient;

28

1        f.      Witnesses in the Litigation who will be shown Highly

2 Confidential Material (i) will be provided with a copy of the Protective Order and

3 (ii) will be required to sign the "Agreement Concerning Information Covered by

4 Protective Order" attached hereto as Exhibit A (except that persons described in

5 sub-paragraph (i) below do not need to sign Exhibit A to be shown Highly

6 Confidential Material in their depositions);

7        g.      Any person indicated by a document marked Highly Confidential

8 Material to be an author, addressee, or copy recipient of the Highly Confidential

9 Material, or as to whom there has been testimony, whether at deposition or trial or

10 by declaration or affidavit, that the person was the author or recipient of the Highly

11 Confidential Material; and

12        h.      Any other person, only upon order of the Court or upon

13 stipulation of the Producing Party, and who has signed the "Agreement Concerning

14 Information Covered by Protective Order" attached hereto as Exhibit A.

15        11.    **Qualification of Plaintiffs' Outside Experts and Consultants**:

16 Confidential and Highly Confidential Material may not be shared with or disclosed

17 to any expert or consultant who is currently employed, or becomes employed during

18 the course of the Litigation, by a direct competitor of any of the Toyota entities

19 named in the Litigation (*i.e.*, any automobile manufacturer and any company

20 involved in the design, manufacturing or distribution of hybrid brake systems or

21 components), unless and until: 1) the expert or consultant executes the "Agreement

22 Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

23 2) counsel for Defendants in this Litigation is provided written notice of the identity

24 of the expert or consultant (including his or her name, current job title and the name

25 of the direct competitor by which he or she is employed) and 3) written verification

26 is provided to the Court stating that the expert or consultant has advised his or her

27 current employer that they will be serving as an expert or consultant for plaintiffs in

28 *In re Toyota Motor Corp Hybrid Brake Marketing, Sales Practices and Products*

*Liability Litigation.* Notwithstanding paragraphs 9(c) and 10(c), Confidential Material or Highly Confidential Material may be provided to experts or consultants only for the purpose of aiding, assisting, or allowing such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel for a party in this Litigation.

12.     **Restriction on Disclosure in Actions Outside the United States**: Neither Confidential nor Highly Confidential Material shall be disclosed, shared, distributed, used or otherwise provided in any manner to legal counsel in pending or threatened litigation against any of the Toyota entities outside of the United States through any other provision of this Protective Order, including but not limited to paragraphs 9, 10 and 11, regardless of whether such legal counsel can be classified as a consultant or affiliate of any U.S. attorney of record in any legal proceedings against any of the Toyota entities within the United States.

13.     **Use of Discovery Material**:  Discovery Material containing Confidential or Highly Confidential Material shall be used solely for purposes of the Litigation, including any appeal and retrial. Any person or entity in possession of Discovery Material designated Confidential or Highly Confidential shall maintain those materials in accordance with Paragraph 16 below.

14.     **Agreement Must Be Signed Prior To Disclosure**:  Each person to whom Confidential or Highly Confidential Material may be disclosed that is also required to sign the "Agreement Concerning Information Covered by Protective Order" (attached hereto as Exhibit A) shall do so prior to the time such Material is disclosed to him or her.

15.     **Exclusion of Individuals From Depositions**:  Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated Confidential or Highly Confidential.

16. **Storage of Confidential Material or Highly Confidential Material**: The recipient of any Confidential Material or Highly Confidential Material that is provided under this Protective Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order.

17. **Filing of Confidential Material Or Highly Confidential Material**: Without written permission from the Producing Party or a court order, a party may not file in the public record in this action any Confidential Material or Highly Confidential Material. The parties shall comply with Local Rule 79-5 when seeking to file Confidential Material or Highly Confidential Materials under seal.

The party desiring to place any Confidential Material or Highly Confidential Material before the Court shall lodge the information in a sealed envelope along with an application to file the papers or the portion thereof containing Confidential Material or Highly Confidential Material under seal and a copy of a Proposed Order Sealing Documents. Said envelope shall be endorsed with the title of the Litigation, an indication of the nature of the contents of such sealed envelope, the identity of the party filing the materials, the phrase "Confidential Material" or "Highly Confidential Material," and a statement substantially in the following form:

THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO
A PROTECTIVE ORDER ENTERED IN THIS LITIGATION.
IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO
BE DISPLAYED, REVEALED, OR MADE PUBLIC,
EXCEPT BY ORDER OF THE COURT. UNLESS THE
COURT ORDERS THAT IT NOT BE FILED, IT SHALL BE
FILED UNDER SEAL.

Additionally, within seven (7) days from the date that the papers (or portions thereof) were filed under seal consistent with the above procedures, the party who filed the papers under seal also shall file in the public record a version of the papers

1  that has been redacted to omit the Confidential Material or Highly Confidential

2  Material (or any references thereto).

3  　　　　The parties shall also comply with Local Rule 79-5.4 with respect to the

4  appropriate treatment of personal identifier information in connection with any

5  filing with the Court.

6  　　　　18.　　**No Prejudice**:  Complying with the terms of this Protective Order, or

7  agreeing to and/or producing or receiving Confidential Material or Highly

8  Confidential Material shall not:

9  　　　　　　　a.　　Prejudice in any way the rights of the parties to object to the

10 production of documents they consider not subject to discovery, or operate as an

11 admission by any party that the restrictions and procedures set forth herein

12 constitute adequate protection for any particular information deemed by any party

13 to be Confidential Material or Highly Confidential Material;

14 　　　　　　　b.　　Prejudice in any way the rights of any party to object to the

15 authenticity or admissibility into evidence of any document, testimony or other

16 evidence subject to this Order;

17 　　　　　　　c.　　Prejudice in any way the rights of a party to seek a determination

18 by the Court whether any Confidential Material or Highly Confidential Material

19 should be subject to the terms of this Order;

20 　　　　　　　d.　　Prejudice in any way the rights of a party to petition the Court

21 for a protective order relating to any purportedly confidential information; or

22 　　　　　　　e.　　Prevent a Disclosing Party from authorizing disclosure of its own

23 Confidential Material or Highly Confidential Material to any party.

24 　　　　19.　　**Challenging Designation of Materials**:  A party shall not be obligated

25 to challenge the propriety of a Confidential Material or Highly Confidential Material

26 designation at the time made, and failure to do so shall not preclude a subsequent

27 challenge thereto during the pendency of the Litigation.

28

        **a.**      **Challenge:** The Receiving Party may challenge the propriety of a Confidential Material or Highly Confidential Material designation by providing to Producing Party a writing which briefly: (i) identifies with reasonable particularity the documents and/or information which are the subject of the challenge; and (ii) describes the specific legal or factual grounds for the challenge.

        b.      **Meet and Confer**:  Once a challenge is made, the Producing Party will bear the burden of initiating and conducting a sufficient meet and confer (per Local Rule 37-1); and, if necessary, the Producing Party will bear the burdens of proof and persuasion in moving for a Protective Order (per Local Rule 37-2) to uphold the challenged Confidential Material or Highly Confidential Material designation(s).  If the Producing Party does not initiate the discovery motion process under Local Rule 37 within ninety (90) days of a challenge, the subject Confidential Material designation or Highly Confidential Material designation is effectively withdrawn and the subject documents and material may be used for all purposes in this Litigation.  The Receiving Party must make de-designation requests in good faith.  Mass, indiscriminate, or routinized requests for de-designation are prohibited.

        c.      **Status of Challenged Designation Pending Judicial Determination**: Until the court rules on the timely filed Motion for Protective Order, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

        20.      **No Application to Public or Otherwise Available Information**:  This Order shall not limit or restrict a Receiving Party's use of information that the Receiving Party can demonstrate: (i) was lawfully in the Receiving Party's possession prior to such information being designated as protected material in the Litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (ii) was obtained without any benefit or use of protected material from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iii) was independently

1  developed by it after the time of disclosure by personnel who did not have access to

2  the Producing Party's protected material; or (iv) has been voluntarily and

3  intentionally published to the general public. Court Orders unsealing Confidential

4  Material in other cases shall not constitute a voluntary and intentional publication to

5  the general public. If the Receiving Party believes that the Disclosing Party has

6  designated information that is covered by any of the preceding categories as

7  Confidential Material or Highly Confidential Material, the Receiving Party shall

8  challenge the propriety of such designation using the procedure outlined in

9  paragraph 19 above. Any challenged designation remains in force until the

10 propriety of such designation has been decided as outlined above.

11        21.    **No Waiver of Privilege**: Disclosure (including production) of

12 information that a party or non-party later claims should not have been disclosed

13 because of a privilege, including, but not limited to, the attorney-client privilege or

14 work product doctrine ("Privileged Information"), shall not constitute a waiver of,

15 or estoppel as to, any claim of attorney-client privilege, attorney work-product, or

16 other ground for withholding production as to which the Producing Party would be

17 entitled in the Litigation or any other federal or state proceeding. This Order is

18 intended to provide the full protection afforded by Federal Rule of Evidence 502(d),

19 providing that "a Federal court may order that the privilege or protection is not

20 waived by disclosure connected with the litigation pending before the court – in

21 which event the disclosure also is not a waiver in any other Federal or State

22 proceeding." Upon discovery by a Producing Party (or upon receipt of notice from

23 another party) that he/she/it may have produced Privileged Information, the

24 Producing Party shall, within ten (10) days of such discovery, request the return of

25 such information in writing by identifying the Privileged Information and stating the

26 basis on which the Privileged Information should be withheld from production.

27 After being notified, all other parties must promptly return, sequester, or destroy the

28 Privileged Information and any copies he/she/it has; must not use or disclose the

information until the claim is resolved; and must take reasonable steps to retrieve the Privileged Information if he/she/it disclosed the Privileged Information before being notified.  If any party disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the Producing Party of the dispute and the basis therefore in writing within thirty (30) days of receipt of the request for the return of the Privileged Information.  The Parties thereafter shall meet and confer in good faith regarding the disputed claim within thirty (30) days.  In the event that the parties do not resolve their dispute, either party may bring a motion for a determination of whether a privilege applies.  If such a motion is made, the Producing Party shall submit to the Court for *in camera* review under seal a copy of the disputed information in connection with its motion papers.  The submission to the Court shall not constitute a waiver of any privilege or protection.  The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.

Except as expressly set forth herein, nothing in this provision shall limit the bases on which the Objecting Party may challenge the assertion of any privilege or protection by the Producing Party.  In addition, nothing in this provision shall permit the Producing Party to seek to withhold or "claw back" a previously-produced document in this Litigation if that document was the subject of deposition testimony in this Litigation and the Producing Party did not provide notice, as described above in paragraph 5(b), within thirty (30) days after the deposition that the document was privileged or protected and should be returned.

22.   **Additional Parties or Attorneys**:  In the event additional parties join or intervene in this action, the newly joined party(ies) shall not have access to Confidential Material or Highly Confidential Material until its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order. If any additional attorneys make appearances in this Litigation, those attorneys shall not have access to Confidential or Highly Confidential Material until

1    they execute the "Agreement Concerning Information Covered by Protective Order"

2    attached hereto as Exhibit A.

3         23.    **Protective Order Remains In Force**:  This Protective Order shall

4    remain in force and effect until modified, superseded, or terminated by consent of

5    the parties or by order of the Court made upon reasonable written notice.  Unless

6    otherwise ordered, or agreed upon by the parties, this Protective Order shall survive

7    the termination of this action.  The Court retains jurisdiction even after termination

8    of this action to enforce this Protective Order and to make such amendments,

9    modifications, deletions and additions to this Protective Order as the Court may

10   from time-to-time deem appropriate.

11        24.    **No Prejudice For Further Relief**:  This Protective Order is without

12   prejudice to the right of any party to seek other or further relief from the Court.

13        25.    **No Waiver of Grounds For Producing Material**:  This Protective

14   Order shall not be construed as waiving any right to assert a claim of privilege,

15   relevance, overbreadth, burdensomeness or other grounds for not producing material

16   called for, and access to such material shall be only as otherwise provided by the

17   discovery rules and other applicable laws.

18        26.    **Conclusion of Litigation**: Within ninety (90) days after receiving

19   notice of the entry of an order, judgment or decree finally disposing of this

20   Litigation, all persons having received Confidential Material or Highly Confidential

21   Material shall either make such documents available for pickup by counsel for the

22   Producing Party, or destroy all such Confidential Material or Highly Confidential

23   Material.  Counsel of record shall make arrangements for the return of Confidential

24   Material or Highly Confidential Material that counsel of record provided to any

25   persons or entities in paragraphs 9 and 10, except the Court, court personnel and

26   court reporters.  Outside counsel of record for the parties shall be entitled to retain

27   court papers, depositions, trial transcripts and attorney work product, provided that

28   such outside counsel of record shall not disclose Confidential Material or Highly

Confidential Material to any person except pursuant to a court order or agreement with the party that produced the Confidential Material or Highly Confidential Material.  All material returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph.

27.    **No Loss of Confidential Or Highly Confidential Status By Use In Litigation Or Appeal**:  In the event that any Confidential or Highly Confidential Material is used in any court proceeding in this Litigation or any appeal therefrom, such Confidential or Highly Confidential Material shall not lose its status as Confidential or Highly Confidential Material through such use.  Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentially of any documents, information and transcripts used in the course of any court proceedings, including petitioning the Court to close the court room.

28.    **Protected Material Subpoenaed or Ordered Produced in Other Actions**:  If any person receiving documents covered by this Order (the "Receiver") is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Discovery Material that was produced or designated as Confidential Material or Highly Confidential Material by someone other than the Receiver, the Receiver shall give prompt written notice by hand or facsimile (electronic mail) transmission within ten (10) business days of receipt of such Demand to the person, party, or third party who produced or designated the material as Confidential Material or Highly Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party who produced or designated the material as Confidential Material or Highly Confidential Material.  Unless the person, party, or third party who produced or designated the Confidential Material or Highly Confidential Material obtains an

[PROPOSED] PROTECTIVE ORDER

1   order directing that the Demand not be complied with, and serves such order upon

2   the Receiver prior to production pursuant to the Demand, the Receiver shall be

3   permitted to produce documents responsive to the Demand on the Demand response

4   date.  Compliance by the Receiver with any order directing production pursuant to

5   the Demand of any Confidential Material or Highly Confidential Material shall not

6   constitute a violation of this Order.  Nothing in this Order shall be construed as

7   authorizing a party to disobey a lawful subpoena issued in another action.

8         29.     **Redaction Allowed**: Any Producing Party may redact from the

9   documents and things it produced that the Producing Party claims is subject to

10   attorney-client privilege, work product immunity, a legal prohibition against

11   disclosure, or any other privilege or immunity.  The Producing Party shall mark

12   each thing where matter has been redacted with a legend stating "REDACTED," as

13   appropriate, or a comparable notice.  Where a document consists of more than one

14   page, at least each page on which information has been redacted shall be so marked.

15   The Producing Party shall preserve an unredacted version of each such document.

16         30.     **Violations of Protective Order**:  In the event that any person or party

17   should violate the terms of this Protective Order, the aggrieved Producing Party

18   shall apply to the Court to obtain relief against any such person or party violating or

19   threatening to violate any of the terms of this Protective Order. In the event that the

20   aggrieved Producing Party seeks injunctive relief, it must petition the District Judge

21   for such relief, which may be granted at the sole discretion of the District Judge.

22   This Court shall retain jurisdiction over the parties and any other person subject to

23   the terms of this Protective Order for the purpose of enforcing this Protective Order.

24

25

26

27

28

31. **Headings**:  The headings herein are provided only for the convenience of the parties, and are not intended to define or limit the scope of the express terms of this Protective Order.

**DATED**: <u>November 22, 2010</u>

_____
HON. CORMAC J. CARNEY
UNITED STATES DISTRICT
COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA
JUDGE

**<u>EXHIBIT A</u>**

**AGREEMENT CONCERNING INFORMATION**

**COVERED BY PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have received a copy of the Stipulation and Protective Order entered in this action (MDL 2172: *In re Toyota Motor Corp Hybrid Brake Marketing, Sales Practices and Products Liability Litigation*) by the United States District Court for the Central District of California (hereinafter, "the Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

If I receive documents or information designated as Confidential Material or Highly Confidential Material, (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

I hereby submit myself to the jurisdiction of United States District Court for the Central District of California, for resolution of any matters pertaining to the Protective Order.

My address is _____

My present employer is _____

Dated:_____         Signed:_____