UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE TOYOTA MOTOR CORP. HYBRID BRAKE MARKETING, SALES, PRACTICES and PRODUCTS LIABILITY LITIGATION | Case No.: SAML 10-02172-CJC(RNBx)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S OCTOBER 14, 2011 ORDER** |

**I. INTRODUCTION AND BACKGROUND**

On February 8, 2010, Plaintiffs Marciano and Miriam Ramirez, Amelia Nash, Lisa Creighton, Leora Kahn and Nathan Kravis, and Brook and Timothy Whitlock (collectively, "Plaintiffs") brought this putative class action against Defendants Toyota Motor Corporation and Toyota Motor Sales, USA, Inc. (collectively, "Toyota" or "Defendants") on behalf of themselves and others similarly situated who purchased or

leased certain 2004 to 2010 model Toyota or Lexus Hybrid vehicles (collectively, "Class Vehicles").  Plaintiffs allege that the anti-lock braking system ("ABS") in the Class Vehicles are defective in that the system extends the stopping time and distance, resulting in numerous vehicle accidents and creating unreasonable safety risks.  In the operative First Amended Complaint, Plaintiffs assert fourteen causes of action under the California Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750, *et seq.*; the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; California common law doctrine of money had and received; and other states' statutory provisions and common law doctrines intended to protect Plaintiffs and class members.  (Dkt. No. 75.)

Currently before the Court is Toyota's motion for reconsideration of Magistrate Judge Robert N. Block's October 14, 2011 Order requiring Toyota to bear costs for implementing security measures related to its production of the ABS's source code and source related information, filed under seal on November 1, 2011.  (Dkt. No. 154.)  Specifically, Toyota objects to the following portion of Judge Block's Order:

> If Toyota does not elect the option of producing the source code information and source code related materials at an existing secure facility in Japan, <u>then all costs associated with implementing the security measures desired by Toyota, with the exception of those costs that plaintiffs previously agreed to share, shall be borne solely Toyota</u>.

(Ct. Order, Dkt. No. 136, Oct. 14, 2011 (emphasis added).)  The Court finds that Toyota's motion is procedurally defective because it is both untimely under Federal Rule of Civil Procedure 72(a) and Local Rule 72-2.1 and because it failed to meet and confer with Plaintiffs regarding its motion under Local Rule 7-3.  The Court further finds that Toyota's motion fails on the merits because Toyota has not shown that Judge Block's

Order is clearly erroneous or contrary to law under 28 U.S.C. § 636(b)(1) and Rule 72(a). Accordingly, Toyota's motion for reconsideration is DENIED.[1]

## II. LEGAL STANDARD

A magistrate judge has the authority to resolve and issue orders on nondispositive pretrial matters, including issues related to discovery. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(a); LOCAL RULE 72-2.1; *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991); *Green v. Baca*, 219 F.R.D. 485, 488–89 (C.D. Cal. 2003). A party may object to the magistrate's order under Rule 72(a) and file a motion for reconsideration of the order with the assigned district judge within fourteen (14) days after service of a written ruling. FED. R. CIV. P. 72(a); LOCAL RULE 72-2.1. "A party may not assign as error a defect in the order not timely objected." FED. R. CIV. P. 72(a).

The district judge in the case must consider timely objections to the magistrate's order and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (the district judge may reconsider a magistrate's order that is "clearly erroneous or contrary to law"). The magistrate's order is "not subject to *de novo* determination," and "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citations omitted). Rather, the clearly erroneous standard means that the district court must accept the magistrate's decision unless the district court is left with the "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (citing *United States v. Gypsum Co.*, 333 U.S. 364, 395

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. See FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for December 5, 2011 at 1:30 p.m. is hereby vacated and off calendar.

-3-

(1948)). If the magistrate's account of the evidence is plausible in light of the record viewed in its entirety, the district court may not reverse it even though convinced that it would have weighed the evidence differently. *Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985); *Phoenix Eng'g & Supply v. Universal Elec. Co., Inc.*, 104 F.3d 1137, 1141 (9th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Defazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y 2006) (citation and quotes omitted).

## III. DISCUSSION

### A. Procedural Defects

Toyota filed its motion for reconsideration on November 1, 2011 under seal. As this is outside the fourteen-day window to file such a motion under Rule 72(a) and Local Rule 72-2.1, the Court need not reconsider Judge Block's October 14, 2011 Order. Toyota's motion for reconsideration is additionally defective because Toyota failed to comply with the meet and confer requirement under Local Rule 7-3 ("In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions . . . counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferable in person*, the substance of the contemplated motion and any potential resolution."). Toyota does not dispute that it did not meet and confer with Plaintiffs specifically in regard to its motion for reconsideration. Nevertheless, Toyota argues that Local Rule 7-3 does not apply to the instant motion because it was brought under Rule 72(a) and Local Rule 72-2.1 and these rules do not include a meet and confer requirement. The Court disagrees. Local Rule 7-3 applies to all motions, except those in connection with a discovery motion or listed as exempt under Local Rule 16-12. Toyota's motion is not properly a discovery motion before this Court and is not listed as exempt under Local Rule 16-12. Thus, Toyota was required to meet and confer under

Local Rule 7-3 before filing its motion for reconsideration. Toyota's failure to abide by the procedural requirements under either Local Rule 72-2.1 or 7-3 is, alone, sufficient basis to deny its motion.

### B. Not Clearly Erroneous or Contrary to Law

Even if Toyota's motion for reconsideration is reviewed on the merits, Judge Block's ruling was neither clearly erroneous nor contrary to law. Toyota argues that the Court should reconsider Judge Block's Order with respect to Toyota's cost burden for security measures because he refused to consider any argument or accept briefing that the Plaintiffs should materially share in costs for: (1) the fundamental protections that Toyota is entitled to under the law, and (2) the technology necessary for Plaintiffs to review the source code and introduce any findings into evidence. (Defs.' Mem. in Supp. Mot. for Reconsid., at 1.) Toyota argues that Plaintiffs' need for the source code information is minimal in light of its offer to stipulate to the information Plaintiffs require for certification purposes and the considerable financial burden on Toyota to produce the source code information under secured conditions. (*Id.* at 10–12.) Toyota requests that Plaintiffs pay half of the costs for certain security measures, including radio frequency shielding and sensors for the review room and for certain items it purports are necessary for Plaintiffs to review the source code, including the management software, the lock box, and the neutral system administer ("NSA"). (*Id.* at 12–14.)

The Court finds that Judge Block's Order requiring Toyota to pay for security measures it desires in the production of source code information was not clearly erroneous or contrary to law because Judge Block could and did weigh the cost-shifting factors under Federal Rule of Civil Procedure 26(b)(2)(C), based on the existing record in the case. The Court finds it plausible that Judge Block decided against cost-shifting because the record shows that (i) Judge Block found Toyota's source code information

relevant both for Plaintiffs' claim that the ABS is defective and its class certification claim; (ii) Toyota's source code was not available from other sources; (iii) the total cost of production (estimated at approximately $2 million) was low compared to the amount in controversy; (iv) Toyota is in a far better financial position to bear the cost of production than Plaintiffs; (v) Toyota has other methods and venues for producing the source code information, which Toyota rejected; (vi) the importance and necessity of information regarding Toyota's source code for Plaintiffs' claim that the ABS is defective; and (vii) consideration of the special security measures desired by Toyota and conclusion that it was for Toyota's benefit.  Judge Block was therefore able to make an informed decision regarding whether Toyota should bear the cost of security measures it desires, and additional briefing or extended argument was neither necessary nor required.

## IV.  CONCLUSION

For the foregoing reasons, Toyota's motion for reconsideration of Magistrate Judge Block's October 14, 2011 Order is DENIED.

DATED:     December 2, 2011

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE